**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RACHEL GINGERICH, individually and on behalf of all others similarly situated ) ) ) Plaintiff ) ) v. ) ) DISCOVER FINANCIAL ) SERVICES INC. ) ) Defendant ) | Case No: **JURY TRIAL DEMANDED** |

## COMPLAINT - CLASS ACTION

Plaintiff, Rachel Gingerich, individually and on behalf of all others similarly situated, brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") for violation by the Defendant, Discover Financial Services, Inc. ("Discover").

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. §1337, and 47 U.S.C. § 227 (TCPA).

2. This Court has personal jurisdiction over Defendant Discover Financial Services, Inc. because it is headquartered and does business in this District. See, 28 U.S.C. § 1391(c)(2).

3. Thus, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES & FACTS

4. Discover Financial Services, Inc. is a Delaware Corporation, and is a

financial services company which issues and services Discover Card credit cards. Its headquarters is located at 2500 Lake Cook Road, Riverwoods Il 60015.

5. Defendant Discover is authorized to conduct, and so regularly conducts, business in the State of Illinois.

6. Plaintiff Rachel Gingerich is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in South Beloit, IL.

7. Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. §153(39).

8. Discover is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. §153(39).

9. On or around September 19, 2016 Plaintiff received a call from 1-800-347-2683 (1-800-Discover) on her cellular telephone.

10. Plaintiff has no account or other relationship with Discover.

11. Plaintiff called Discover in response to their call and spoke to a representative in the Fraud department. During this communication Plaintiff was ensured Plaintiff would not be receiving any future calls.

12. Despite notifying Discover that they have no reason to call Plaintiff's cellular telephone number, Discover placed another call to Plaintiff on September 19, 2016.

13. Plaintiff again called Discover in response to this phone call and was again assured by Discover that her number would not be called any more.

14. Despite repeatedly notifying Discover regarding their unauthorized calls to her cellular telephone number, Defendant placed two telephone calls to Plaintiff's cellular telephone on September 20, 2016.

15. During at least one of these calls Discover left a voice message indicating that they are looking to reach a person, unknown to Plaintiff, named "Jerry Weller."

16. On September 21, 2016 Discover placed another call to Plaintiff's cellular telephone number.

17. Plaintiff again called Discover in response to this call. During this communication Discover assured Plaintiff that her phone number was on its internal do not call list.

18. Despite Plaintiff's repeated notice and assurances from Discover, Discover continued to place calls to Plaintiff's cellular telephone, including an additional call on September 21, 2016, two calls on September 22, 2016, three calls on September 23, 2016, two calls on September 26, 2016, two calls on September 27, 2016 and a call on October 4, 2016.

19. At all times relevant herein, Plaintiff has been the user, and has exercised dominion and control of her cellular telephone number that received the subject calls which form the basis of this action.

20. Plaintiff is not the person who Discover is attempting to reach, is not party to any debt, contract, or obligation with Discover, and has never provided her cellular telephone number to Discover for any purpose.

21. Discover had been repeatedly sued for violating the TCPA.

22. The class action lawsuits of *Bradley v. Discover Financial Services*, No. 11-CV-5746-YGR (N.D. Ca.) and *Steinfeld v. Discover Financial Services*, 12-CV-1118-JSW (N.D. Ca.) resulted in a 2014 settlement of millions of class members who "Discover Financial Services or any of its affiliates or subsidiaries placed a non-emergency

telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice."

23. Even after the class settlement, Discover has been repeatedly sued for claims under the TCPA. i.e. *Dwyer v. Discover Fin. Servs.*, 2015 U.S. Dist. LEXIS 161330, *1 (D. Md. Dec. 2, 2015); *Chattanond v. Discover Fin. Servs.*, LLC, 2016 U.S. Dist. LEXIS 24700, *2 (C.D. Cal. Feb. 26, 2016).

24. Discover placed all of the above referenced calls to Plaintiff's cellular telephone number using an "automatic telephone dialing system" ("ATDS"), as that term is defined by 47 U.S.C. § 227 (a)(1), meaning it had the capacity to store or produce numbers randomly or sequentially, and to dial such numbers, and to place telephone calls to Plaintiff's cellular telephone. For example, Plaintiff answered a call on October 4, 2016 and was met with dead air, which is indicative of a predictive dialer.

25. Discover did not have Plaintiff's consent to place calls to Plaintiff's cellular telephone number using an ATDS or an artificial or pre-recorded voice message.

## THE TCPA

26. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices - for example, computerized calls to private homes. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. *See Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

27. Accordingly, the TCPA regulates, *inter alia*, the use of prerecorded messages and use of automated telephone equipment, or "autodialers." Specifically, the

plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

28. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007); *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, 14115 (2003) ("Wireless subscribers who purchase a large 'bucket' of minutes at a fixed rate nevertheless are charged for those minutes[.]").

29. In 2003, the FCC held that predictive dialers like the one used by defendant constitute an ATDS under the TCPA. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 18 F.C.C.R. 14014, 14115, ¶ 131 (July 3, 2003).

30. The FCC held "[c]onsumers may revoke consent in any manner that clearly expresses a desire not to receive further messages, and that callers may not infringe on that ability by designating an exclusive means to revoke." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling and Order, FCC 15-72, 2015 FCC LEXIS 1586, ¶ 63, 30 FCC Rcd 7961, 2015 FCC LEXIS 1586, 62 Comm. Reg. (P & F) 1539 (F.C.C. July 10, 2015) ("FCC 2015 Order").

## COUNT I: VIOLATION OF THE TCPA

31. Plaintiff restates each of the factual allegations in all other paragraphs as if full stated herein.

32. This claim is for violation of the TCPA by Discover.

33. The telephone calls from Discover to Plaintiff's cellular telephone number were made using an ATDS.

34. Discover, or vendors on its behalf, placed calls to Plaintiff at a telephone number assigned to a cellular telephone service.

35. The telephone calls Discover placed to Plaintiff were not placed for emergency purposes, as defined by TCPA § 227 (b)(1)(A)(i).

36. Discover made unsolicited telephone calls to the wireless telephone number of Plaintiff and the other members of the class using pre-recorded voices and or using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37. At the time Discover placed the phone calls alleged herein, Discover did not have consent to do so.

38. Discover has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States "… to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … ".

39. As a result of Discover's illegal conduct, Plaintiff and the members of the class suffered actual damages and, under § 227(b)(3)(B), and are each entitled to, *inter*

*alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

40. Plaintiff and class members are also entitled to, and do, seek injunctive relief prohibiting Discover's violations of the TCPA in the future.

## CLASS ALLEGATIONS

41. Plaintiff restates each of the allegations in all other paragraphs as if fully stated herein.

42. Plaintiff, individually and on behalf of all others similarly situated, brings the above claims on behalf of a Class.

43. The TCPA Class consists of:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Discover placed a non-emergency telephone call (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) who did not have a contractual relationship with Discover.

44. Discover has caused the Class actual harm, not only because the Class was subjected to the aggravation that necessarily accompanies these calls, but also because said members frequently have to pay their cell phone service providers for the receipt of such calls.

45. These calls are also an intrusion upon seclusion, diminish cellular battery life, and waste of Plaintiff's and the class member's time.

46. Plaintiff represents and is a member of the Class. Excluded from the Class are Defendant and any entities in which Discover has a controlling interest, Discover's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

47. Plaintiff is presently unaware of the exact number of members in the Class, but based upon the size and national scope of Discover's business, Plaintiff reasonably believes that the class members' number at a minimum in the thousands based on the use of software to make the calls and Discover's track history with failing to comply with the TCPA.

48. Plaintiff and all members of the Class have been harmed by Discover's actions.

49. This Class Action Complaint seeks money damages and injunctive relief.

50. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

51. The disposition of the claims in a class action will provide substantial benefit to both the parties and the Court in avoiding multiplicity of identical suits. The class can be easily identified through records maintained by Discover.

52. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

   a. Whether Discover engaged in a pattern of using an ATDS to place calls to cellular telephones;
   b. Whether Discover's conduct was knowing or willful; and
   c. Whether Discover's actions violated the TCPA.

53. As a person who received the telephone calls using an ATDS or an artificial or prerecorded voice, without their prior express consent, all within the meaning of the TCPA, Plaintiff asserts claims that are typical of the members of the Class.

54. Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff does not have an interest that is antagonistic to any member of the Class.

55. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

56. A class action is the superior method for the fair and efficient adjudication of this controversy.

57. Class-wide relief is essential to compel Discover to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Discover is small because the statutory damages in an individual action for violation of the TCPA is small.

58. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

59. Discover has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.

60. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and favor of the Class, and against Discover for:

1. A declaration that Discover's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

2. An injunction requiring Defendant not to call any third parties or numbers that were skip traced to ensure that Plaintiff is not called now or when Plaintiff obtains additional telephone numbers in the future;

3. An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any third parties or numbers that were skip traced to ensure that Plaintiff is not called in the future;

4. An injunction requiring Defendant not to call any third parties or numbers that were skip traced to ensure that class members are not called if they obtain additional telephone numbers in the future;

5. An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any third parties or numbers that were skip traced to ensure that class members are not called in the future;

6. An award of actual damages in an amount to be proven at trial;

7. An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

8. An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;

9. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

10. Attorney's fees, litigation expenses and costs of suit; and

11. Such further and other relief the Court deems reasonable and just.

Date: October 31, 2016                     Respectfully submitted,

*/s/ Keith J. Keogh*
Keith J. Keogh
Donald L. Sawyer
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois, 60603
312.726.1092 (office)
312.726.1093 (fax)
keith@keoghlaw.com
dsawyer@keoghlaw.com

*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, demands trial by jury.

Dated: October 31, 2016

**Rachel Gingerich, individually and on behalf of all others similarly situated,**

By: */s/ Keith J. Keogh*

**One of Plaintiff's Attorneys**