IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RACHEL GINGERICH, individually and on behalf of all others similarly situated )<br><br>Plaintiff<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES INC.<br><br>Defendant | Case No:<br><br>**JURY TRIAL DEMANDED** |

## MOTION FOR CLASS CERTIFICATION

Plaintiff Rachel Gingerich respectfully asks this Court to certify that the claims set forth in her Complaint may proceed on behalf of the Classes defined below, appoint Plaintiff as class representative, appoint her lawyers as counsel for the class, and allow Plaintiff to file a memorandum in support of this motion after discovery.[1]

Plaintiff brings this class action against Discover Financial Services, Inc. ("Discover" or "Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

---

[1] This motion is being filed at this time to avoid any attempt by Defendants to "pick off" the named plaintiffs or moot the class claims. Although *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015) should have put a stop to early pick off attempts in the 7th Circuit, some defendants in this district are still seeking to decapitate class actions at the start by picking off class representatives through early tenders of individual relief (*Fulton Dental, L.L.C. v. Bisco, Inc.*, 2016 U.S. Dist. LEXIS 118658 (N.D. Ill 2016) *(Memorandum Opinion and Order Dismissing Case)*, or individual offers of relief, relying on theories of estoppel and waiver. *See Williams v. Amazon.Com, Inc.*, 15-cv-7256 (Doc. 53, Amazon's Memo in Support of Summary Judgment). Thus, there remains a potential need to file placeholder motions like this one. *Alpha Tech Pet, Inc. v. Lagasse*, 2016 U.S. Dist. LEXIS 120452 at *23-*24 (N.D. Ill. Sept. 7, 2016) ("*Gomez* has revived the potential need for place holder motions in this circuit."). Accordingly, and although Plaintiff's complaint expressly requests class certification, Plaintiff submits this motion to remove all doubt that they seeks to represent classes of persons subjected to Defendant's common practices, which are described in the complaint.

Plaintiff's complaint defines the class, subject to amendment, as follows:

> The TCPA Class consists of:
>
> (1) All persons in the United States (2) to whose cellular telephone number (3) Discover placed a non-emergency telephone call (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) who did not have a contractual relationship with Discover.

In support of this motion, Plaintiff states:

**I.      Nature of the Case and the Proposed Classes**

1. Plaintiff alleges that Defendant violated the TCPA by placing calls to consumers' cellular telephone numbers using an automated telephone dialing system or pre-recorded voice message without having the consumers' prior express consent to receive such calls.

2. The TCPA makes it unlawful for any person within the United States "... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... ". 47 U.S.C. § 227(b)(1)(A)(iii).

3. Discover Financial Services, Inc. is a Delaware Corporation, and is a financial services company which issues and services Discover Card credit cards.

4. On or around September 19, 2016 Plaintiff received a call from 1-800-347-2683 (1-800-Discover) on her cellular telephone.

5. Plaintiff has no account or other relationship with Discover.

6. Plaintiff called Discover in response to their call and spoke to a representative in the Fraud department. During this communication Plaintiff was ensured Plaintiff would not be receiving any future calls.

2

7. Despite notifying Discover that they have no reason to call Plaintiff's cellular telephone number, Discover placed another call to Plaintiff on September 19, 2016.

8. Plaintiff again called Discover in response to this phone call and was again assured by Discover that her number would not be called any more.

9. Despite repeatedly notifying Discover regarding their unauthorized calls to her cellular telephone number, Defendant placed two telephone calls to Plaintiff's cellular telephone on September 20, 2016.

10. During at least one of these calls Discover left a voice message indicating that they are looking to reach a person, unknown to Plaintiff, named "Jerry Weller."

11. On September 21, 2016 Discover placed another call to Plaintiff's cellular telephone number.

12. Plaintiff again called Discover in response to this call. During this communication Discover assured Plaintiff that her phone number was on its internal do not call list.

13. Despite Plaintiff's repeated notice and assurances from Discover, Discover continued to place calls to Plaintiff's cellular telephone, including an additional call on September 21, 2016, two calls on September 22, 2016, three calls on September 23, 2016, two calls on September 26, 2016, two calls on September 27, 2016 and a call on October 4, 2016.

14. At all times relevant herein, Plaintiff has been the user, and has exercised dominion and control of her cellular telephone number that received the subject calls which form the basis of this action.

15. Plaintiff is not the person who Discover is attempting to reach, is not party to any debt, contract, or obligation with Discover, and has never provided her cellular telephone number to Discover for any purpose.

## II.     Requirements for Class Certification

16.     "Class certification is normal in litigation under §227 [of the TCPA], because the main questions . . . are common to all recipients." *Ira Holtzman, C.P.A. & Assoc. Ltd. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013). At least fifty courts had already certified TPCA class actions as of 2010. *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577, 584 n. 5 (Mo. Ct. App. 2010). In the past five years, courts have continued to certify TCPA class actions, many of which concern unsolicited calls to cellular telephones. *See e.g. Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559 (W.D. Wash. Nov. 9, 2012); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292 (N.D. Cal. 2013); *Stern v. DoCircle, Inc.*, 2014 U.S. Dist. LEXIS 17949 (C.D. Cal. 2014); *Kristensen v. Credit Payment Services*, 12 F.Supp.3d 1292 (D. Nev. 2014); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240 (N.D. Ill. 2014); *Balbarin v. North Star Capital Acquisition, LLC*, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. 2011), *Mitchem v. Illinois Collection Service*, 2011 U.S. Dist. LEXIS 714 (N.D. Ill. 2011); *Chapman v. Wagener*, 2014 U.S. Dist. LEXIS 16866 (N.D. Ill. 2014); *Abdeljalil v. General Electric Capital Corp.*, 2015 U.S. Dist. LEXIS 43288 (S.D. Cal. 2015); *Stemple v. QC Holdings, Inc.*, 2014 U.S. Dist. LEXIS 125313 (S.D. Cal. 2014); *Booth v. Appstack, Inc.*, 2015 U.S. Dist. LEXIS 40779 (W.D. Wash. 2015).

17.     This case meets all of the requirements for class certification under Federal Rule of Civil Procedure 23.

18.     **Numerosity Is Met**. The class is so numerous that joinder of all members is impractical. Fed.R.Civ.P. 23(a)(1). It is not necessary to know the precise number of class members: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe*

4

*& Foundry*, 696 F.2d 925, 930 (11th Cir. 1983).

> "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendants, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable."

2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

19. Here, numerosity reasonably can be assumed based upon the nature of the calls to Plaintiff, the size of Defendant and the fact that the calls were made using automatic dialing systems and an artificial or pre-recorded voice message (as these are devices designed to facilitate mass calling). Plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

20. **Commonality Is Met**. Commonality requires that "there are questions of law or fact common to the class" (Fed. R. Civ. P. 23(a)(2)) and that "the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). In other words, the class claims must "depend upon a common contention… capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551. A single common factual or legal issue is sufficient to satisfy the rule. *Langendorf v. Skinnygirl Cocktails, LLC*, 2014 U.S. Dist. LEXIS 154444 at *6 (N.D. Ill. Oct. 30, 2014).

21. There are questions of fact or law common to the Classes, which predominate over any questions affecting individual members, as required by Fed.R.Civ.P. 23(a)(2) and (b)(3). The common questions of law and fact include, but are not limited to:

    a. Whether Defendant used an ATDS or artificial to make calls to Plaintiff's

5

and the class members' cell phones;

  b. Whether Defendants should be enjoined from engaging in the challenged conduct;

22. All of the class members suffered the same injury as each received a call made using an ATDS or artificial or prerecorded voice. Numerous courts have found commonality to be satisfied in similar circumstances. *See*, *e.g.*, *Agne*, 286 F.R.D. at 567 ("Because Plaintiffs' allegation is not merely that all class members suffered a violation of the TCPA, but rather that all class members were sent substantially similar unsolicited text messages by the same defendants, using the same automatic dialing technology, commonality is satisfied."); *Booth*, 2015 U.S. Dist. LEXIS 40779 at *19 (commonality met where the class members' claims were all predicated on "the use of the same predictive dialer to robocall and play the same recorded message to various cell phone numbers."); *Birchmeier*, 302 F.R.D. 240, 251 (N.D. Ill. Aug. 11, 2014) (finding "a common injury, resulting from receipt of the allegedly offending calls").

23. **Typicality Is Met**. Typicality means "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). In other words, "there must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano v. The Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011). In general, a claim "is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and based on the same legal theory." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

24. In this case, Plaintiff's claims, and those of the absent class members, arise from the same course of conduct: Defendant's use of an ATDS. This satisfies typicality. *See Stern*,

2014 U.S. Dist. LEXIS 17949 at *11-12 (finding typicality satisfied in a TCPA case because, among other things, "these text messages were caused by the same course of conduct."); *Malta v. The Federal Home Loan Mortgage Corp.*, 2013 U.S. Dist. LEXIS 15731, *7 (S.D. Cal. 2013).

25. **Adequacy Is Met**. Plaintiff will fairly and adequately protect the interests of the members of the classes. Fed.R.Civ.P. 23(a)(4). She has no conflicting interests with the class members, they are seeking relief on the behalf of the class members, and they have retained counsel who are experienced in pursuing class actions on behalf of consumers under the TCPA. A declaration of Plaintiff's counsel is attached as *Exhibit 1*.

26. **Superiority Is Met**. A class action is a superior method for the fair and efficient adjudication of this case. Fed.R.Civ.P. 23(b)(3). "Rule 23(b) was designed for situations … in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006). As described above, each class member has a claim likely worth no more than $500 per call. Based on the nature of the calls, it is unlikely that any class member will have an exceptionally large number of calls. Since the TCPA is not a fee shifting statute, individual actions are not feasible even if the Court were to treble damages upon a finding of willfulness, as attorneys' fees would greatly exceed the recovery. *See Agne*, 286 F.R.D. at 571 ("Five hundred dollars is not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action against a national corporation like Papa John's.").

27. Also, a class action is the most efficient means of resolution. A single lawsuit adjudicating the question of whether Defendant's calls violate the TCPA is superior to countless identical individual lawsuits pressing the same question, and potentially resulting in inconsistent rulings. *See Birchmeier*, 302 F.R.D. at 255. In this case, "the class-action device saves the

resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." *Gen. Tel Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982).

28. The claims are shared by hundreds, if not thousands, of consumers. The resolution of all claims held by members of the classes in a single proceeding would promote judicial efficiency. Furthermore, members of the classes may not be aware of their rights under the law to recover from Defendants' practices.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order certifying that this action may proceed on behalf of the classes defined above, appoint Plaintiff as class representative, appoint her lawyers as counsel for the class, and allow Plaintiff to file a memorandum in support of this motion after taking sufficient discovery.

Dated: October 31, 2016
Respectfully submitted,

s/ *Keith J. Keogh*
One of Plaintiffs' Attorneys

Keith J. Keogh
Donald L. Sawyer
Keogh Law, Ltd.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
(312) 726-1093 (fax)
Keith@KeoghLaw.com
DSawyer@KeoghLaw.com